IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. X. GREENE,

        Plaintiff,                        No. CIV S-05-1134 FCD GGH P

    vs.

D. MEIER, Associate Warden, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        This civil rights action was dismissed with prejudice by <u>Order</u>, filed on September 21, 2006, and judgment thereon entered. Plaintiff has purported to file a motion, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment. This matter was dismissed with prejudice for plaintiff's failure to file an amended complaint, after having been afforded several opportunities to do so. Plaintiff has never submitted a proposed amended complaint in this action and, tellingly, does not even do so with this motion. Plaintiff provides no basis whatever for an altered or amended judgment and the motion should be denied.

        To the extent plaintiff intended to bring a motion for relief from judgment under Rule 60(b), the motion should also be denied. Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in

time to move for a trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged... or (6) any other reason justifying relief from the operation of the judgment. " Plaintiff has made no showing under any of these grounds by his inapposite citation to two state court cases regarding criminal sentences wholly irrelevant to a civil rights action.

Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed.  See United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).   Plaintiff provides no basis whatever for this court to vacate the judgment in this action.

Accordingly, IT IS RECOMMENDED that plaintiff's "motion to vacate judgment," construed as either a motion pursuant to Fed. R. Civ. P. 59(e), or a motion pursuant to Fed. R. Civ. P. 60(b), filed on September 28, 2006, be denied.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9 DATED: 11/7/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gree1134.fr.